# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| NAOMI POUSSON ET AL | CASE NO. 2:17-CV-01360 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| LOWES HOME CENTERS L L C ET AL | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 34) wherein Lowe's Home Centers, LLC ("Lowe's") seeks to be dismissed from this lawsuit. Lowe's maintains that Plaintiff Naomi Pousson cannot carry her burden of proof under the Louisiana Merchant Liability Statute. For the reasons that follow, the motion will be denied.

## FACTUAL STATEMENT

This litigation arises out of an incident that occurred in the women's restroom at the Lowe's Home Centers Store in Sulphur, Louisiana.[1] The restroom was empty when Mrs. Pousson entered. Defendant asserts that there was no water on the floor in the stall Mrs. Pousson used. Mrs. Pousson disputes this and remarks that her testimony is that she did not notice any water on the floor; in addition, the stall was not well lit.[2] She also testified that the water could have been there before she entered the stall.[3] Mrs. Pousson noticed the water after she flushed the toilet, turned to exit, and fell to the floor.[4]

---

[1] Defendant's exhibit A, Plaintiff's Petition for Damages, ¶ 2.
[2] Plaintiff's exhibit B, Naomi Pousson deposition, p. 46, lns. 8-9.
[3] *Id.* lns. 12-13.
[4] Defendant's exhibit B, Naomi Pousson deposition, p. 46, lns. 17-21.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). Plaintiff's failure to prove any of these required elements will prove fatal to her claim. *White v. Wal-Mart Stores, Inc.* 699 So.2d 1081, 1086 (La. 1997).

A plaintiff has the burden to prove the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. *Bernard v. Dolgencorp, LLC*, 2017 WL 3273739 *2 (W.D. La. 08/01/2017). Lowe's argues that Mrs. Pousson cannot provide competent summary judgment evidence showing that Lowe's employees knew the toilet would leak, or that Lowe's should have known the toilet would leak. Lowe's relies on evidence that shows its employees cleaned and flushed the toilet the night before Mrs. Pousson's fall, and there have been no reports of this toilet leaking, or issues with this toilet that required repairs prior to her fall.

Mrs. Pousson submits summary judgment evidence to create a genuine issue of material fact. First, she submits her deposition testimony wherein she testified that she did

not notice the water until after her fall as opposed to Lowe's interpretation of her deposition testimony that there was no water on the floor prior to her fall.[5] Next, she submits photographs of the toilet taken immediately after the fall which indicate that the public toilet was not sealed to the uneven tile floor.[6]

She also submits the affidavit of Earl Wright, II, a licensed and bonded plumber who declares that based on the above-mentioned photographs, Lowe's or its delegate had removed the toilet for repairs, but the workers who performed the work did not reseal the base of the toilet to the floor.[7] Mr. Wright also declared that because there were no maintenance records for the women's restroom for the year before, it is more likely than not that the toilet was removed and replaced without a new seal around the base more than a year before this slip and fall.[8] He further stated that it is essential to seal the base of a toilet installed on a tile floor in a public restroom to prevent it from rocking, leaking and to prevent damage to the toilet that could cause leaking.[9] Mr. Wright opined that without being sealed to the floor, the toilet would have leaked intermittently, depending on the number and weight of the store patrons using it, and that wobbling or rocking of the toilet from use can also cause the flush valve assembly to leak.[10] Mr. Wright concluded that the toilet in Lowe's restroom wobbled which caused water to leak from the base of the toilet, or loosened a portion of the flush valve assembly, which caused water to leak from the rear toilet and pool on the floor.[11]

---

[5] Plaintiff's exhibit B, Naomi Pousson deposition, p. 46, lns. 8-9.
[6] Plaintiff's exhibit C.
[7] Plaintiff's exhibit D, ¶¶ 13 and 14.
[8] *Id.* ¶ 16.
[9] *Id.* ¶ 17.
[10] *Id.* ¶¶ 21-26.
[11] *Id.* ¶¶ 28-29.

Lowe's relies on *Maffei v. Dollar Tree Stores, Inc.*, 2016 WL 6474934 *1 (E.D. La. 11/02/16) wherein the plaintiff alleged she fell off of a loose toilet seat that was missing two nuts. Defendant was granted summary judgment based on plaintiff's failure to establish that defendant had either actual or constructive notice of the broken toilet seat. In *Maffei*, the plaintiff attempted to satisfy the constructive notice element by arguing that if the defendant had exercised reasonable care by cleaning the bathroom properly, it would have been put on constructive notice that the toilet was defective. In the instant case, Lowe's relies on evidence that the toilets were cleaned and flushed the night before, the toilet did not leak, and no repairs were performed on the toilet in the eight (8) months prior to Ms. Pousson's fall.

Even though Ms. Pousson's plumbing expert opined that the toilet must have been repaired in the past, that does not prove that the toilet leaked prior to Ms. Pousson's fall or moreover, that Lowe's had actual or constructive notice of the leak. However, Ms. Pousson also contends that Lowe's created the hazard by removing the caulk and failing to reseal the toilet citing *Deshotel v Wal-Mart Louisiana L.L.C.*, 850 F.3d 742, 747 (5th Cir. 2017). In *Deshotel*, the plaintiff slipped and fell on water that had dripped from a leaking roof. The Fifth Circuit reversed the district court's grant of summary judgment in favor of Wal-Mart finding that plaintiff had provided enough evidence that a reasonable jury could find that she slipped on water that leaked through the roof, and Wal-Mart's purportedly negligent maintenance of the roof could suffice to show that it "created . . . the condition which caused the damage" under Louisiana Revised Section 9:2800.6. In *Deshotel*, there was evidence of various leaks prior to plaintiff's fall when skylights were installed—leaks that were repaired after she fell. Indeed, there were issues of fact as to whether it had rained

that day and how long the roof had been leaking. *Id.* There was also direct testimony that there had been uncorrected persistent leaks for some time prior to plaintiff's fall, as well as on the day of her fall. *Id.* Finally, there was a dispute as to whether or not the leaks were located in a specific isolated area, or if the leaks were throughout the building. *Id.*

Such is not the case here as there is no evidence in the record that this toilet had leaked in the past. Lowe's submits the affidavit of a Lowe's employee who declared that she had never observed the toilet leaking, nor has she heard of any such report; the employee had worked for the store for approximately nine (9) years.[12]

However, that does not end the inquiry because Mrs. Pousson contends that Lowe's *created* the hazard. There is no requirement of notice when it comes to creation of the hazard. *Id.* at 748. Again, in *Deshotel*, Wal-Mart theorized that because the particular hazard that caused plaintiff's injury emerged not through a direct action by its employees, but rather through a failure to remedy a dangerous condition, Wal-Mart was not directly responsible. In other words, Wal-Mart argued that because its employees did not personally create the leaks by making holes in the roof, it could escape liability. Ultimately, the question for that court was, if a failure to fix a leaky roof created that hazard—a question the Fifth Circuit determined belonged to a jury.

Mrs. Pousson argues that Lowe's was well aware of the risk because Lowe's went to the trouble to initially seal the toilet. Plaintiff relies on its Mr. Wright's testimony that "[i]t is essential to seal the base of a toilet in a public restroom to prevent the toilet from rocking, leaking, and to prevent damage to the toilet from rocking that could cause

---

[12] Plaintiff's exhibit C, Affidavit of Lorne Fuselier.

leaking."[13] He further testified that "when the toilet is not exactly flush with the floor, as in the case of a tile floor" such as the floor in a higher volume public restroom, such circumstances "can cause the toilets to rock or wobble."[14] Mr. Wright further testified that the failure to seal a toilet installed on tile floor would have caused this toilet to "leak[] intermittently, depending on the number and weight of the store patrons using it."[15] Finally, Mr. Wright concluded that "more probable than not, the wobbling caused the water to leak from the base of the toilet, or loosened a portion of the flush valve assembly, which caused water to leak from the rear toilet and pool on the floor."[16]

Mrs. Pousson notes that Lowe's has offered no evidence to show how the caulk had been completely chipped away from the base of the toilet, thus a jury could reasonably conclude that a Lowe's employee or an agent acting on its behalf removed the toilet and/or failed to reseal it with caulk or grout upon reinstallation.

Mrs. Pousson further argues that the absence of repair records or invoices for the past year[17] creates a genuine issue of material fact as to whether Lowe's actually created this hazard by repairing the toilet itself and removing the caulk and failing to reseal the toilet. The Fifth Circuit has held that "[m]aintenance . . . is enough for creation," and Lowe's has not supplied any evidence to contradict this possibility. *Deshotel*, 850 F.3d at 748, referencing *Savoie v. Southwest Louisiana Hosp. Ass'n,* 866 So.2d 1078 (La.App. 3 Cir. 2/25/04)(which found the fact that the store maintained its own floors was sufficient

---

[13] Plaintiff's exhibit D, Wright Aff. p. 3.
[14] *Id.*
[15] *Id.*, p. 4.
[16] *Id.*
[17] See Defendant's exhibit D, p. 2 ("no work was performed in 2016 on the toilet where plaintiff testified she allegedly fell.")

7

to find it liable for the wax build-up on its floors, which a reasonable store owner should have stripped; plaintiff was not required to prove that defendant had notice or constructive notice).

Finally, Mrs. Pousson maintains that it was foreseeable that the failure to seal the base of a public toilet could result in leaking. Again, Mrs. Pousson relies on the following testimony of Mr. Wright.

> It is essential to seal the base of a toilet in a public restroom to prevent the toilet from rocking, leaking, and to prevent damage to the toilet form rocking that could cause leaking.
>
> Based on my experience working as a plumber in a commercial setting in Calcasieu Parish, it is a common and accepted practice to seal the base of the toilet to the floor in commercial public restrooms.[18]

Thus, Mrs. Pousson argues that Mr. Wright's testimony supports the reasonably foreseeable elements of Louisiana Revised Statute 9:2800.6, and that Lowe's failed to act reasonably to correct the defective condition. Based on the photographs and Mr. Wright's affidavit, to explain the caulk that was stripped away from the base of the toilet, Plaintiff posits four (4) scenarios as follows:

> (1) A Lowe's employee removed the toilet, and did not re-seal the base after replacing it;
>
> (2) Someone Lowe's hired, acted on its behalf, removed the toilet, and did not re-seal the base after replacing it;
>
> (3) The toilet and caulk were so old that the caulk was crumbling away and would have had to have been cleaned up by Lowes' employees during their regular cleaning of the bathrooms; or

---

[18] Plaintiff's exhibit D, ¶¶ 17 and 18.

8

(4) An unknown person brought tools into the store and randomly defaced the toilet.

Mrs. Pousson maintains that the affidavit of Early Wright, II, coupled with her testimony, and the photographs taken on the day of the incident is sufficient to create a genuine issue of material fact for trial. The Court agrees. The Court finds that Mrs. Pousson has submitted sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether or not Lowe's created the hazard which caused her to fall.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by Lowe's will be denied.

**THUS DONE AND SIGNED** in chambers on this 17 day of October, 2019.

_____
**JAMES D. CAIN JR.**
**UNITED STATES DISTRICT JUDGE**